UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARCUS CULL,

    Plaintiff,

vs.                                       CASE NO.: 5:16cv594-OC-30PRL

TW CLEANING SERVICES, INC., a
Foreign Corporation,

    Defendant.                     /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARCUS CULL, by and through the undersigned attorney, sues the Defendant, TW CLEANING SERVICES INC., a foreign corporation, and alleges as follows:

1. Plaintiff, MARCUS CULL, was an employee of Defendant and brings this action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked for Defendant within the last three years for in various counties including Lake County, Florida.

3. Plaintiff, MARCUS CULL, worked for Defendant from approximately October 2014 through August 2016 as a piece rate paid ($35 -$39 per store cleaned) cleaning crew member.

4. Defendant, TW CLEANING SERVICES, INC. provides cleaning services for Wawa gas stations throughout the Tampa, Fort Meyers, Melbourne and Orlando

1

areas.

5. Defendant, TW CLEANING SERVICES, INC., is a foreign corporation that operates and conducts business in Groveland, Lake County, Florida and is therefore, within the jurisdiction of this Court.

6. Each shift, prior to setting out for the first Wawa location, Defendant, TW CLEANING SERVICES, INC., held a staff meeting at the Groveland shop to discuss things such as complaints, new stores opening, statuses of stores etc. Plaintiff was required to attend said meetings. These meetings routinely lasted thirty (30) minutes.

7. TW CLEANING SERVICES, INC., services several Wawa gas stations each shift and therefore a considerable amount of time is spent traveling between store locations by Plaintiff, MARCUS CULL.

8. For example, Plaintiff may be required to travel from Groveland to the Clearwater and Tampa area and back.

9. Plaintiff, MARCUSS CULL, routinely spent in excess of two (2) hours cleaning at each Wawa location.

10. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, or if liquidated damages are not awarded then pre and post judgment interest at the highest allowable rate, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA.

12. During Plaintiff's employment, Defendant, TW CLEANING SERVICES, INC., earned more than $500,000.00 per year in gross sales.

13. Defendant, TW CLEANING SERVICES, INC., employed approximately twelve (12) employees and paid these employees plus earned a profit from their business.

14. During Plaintiff's employment, Defendant, TW CLEANING SERVICES, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as cleaning chemicals, floor waxing chemicals, mops, buffing machines and other materials used for janitorial purposes to carry out the business purpose.

15. Therefore, at all material times relevant to this action, Defendant, TW CLEANING SERVICES, INC., was/is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

16. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

17. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime as described above.

19. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21. Plaintiff was/is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

22. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same. *See* ¶¶ 15-16

23. Specifically, Plaintiff routinely worked from 6:00 p.m. until 3:00 a.m. each shift.

24. Plaintiff routinely worked five (5) days a week.

25. Defendant failed to calculate the total hours worked by Plaintiff each week to determine how much overtime was owed to him. Instead, Defendant simply compensated Plaintiff his piece rate regardless of how many overtime hours were worked for the week.

26. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

27. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered

damages plus incurred reasonable attorneys' fees and costs.

28. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MARCUS CULL, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 867-0946
Email:      mgunter@forthepeople.com
Attorney for Plaintiff